**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2166
_____

SANTOS REY DAVID GARCIA-SUCHITE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision
of the Board of Immigration Appeals
(Agency No. A201-704-307)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 12, 2021

Before: AMBRO, KRAUSE, and PHIPPS, *Circuit Judges*

(Filed: January 14, 2021)

_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Santos Rey David Garcia-Suchite, a gay indigenous man from Guatemala, seeks our review of a decision by the Board of Immigration Appeals (BIA) affirming the denial of his application for asylum and withholding of removal under the Immigration and Nationality Act (INA) and protection under the Convention Against Torture (CAT). He urges that the BIA committed three errors: (1) finding that he does not have a well-founded fear of persecution on account of protected grounds; (2) finding that the Guatemalan government would not be unwilling or unable to protect him; and (3) determining that he did not face a likelihood of torture sufficient for deferral under CAT. Because substantial evidence supports the BIA's conclusion that Garcia-Suchite failed to establish past persecution or a well-founded fear of future persecution and because he has not carried his burden of demonstrating a likelihood of future torture, we will deny the petition for review.

## I. DISCUSSION[1]

### A. Asylum and Withholding of Removal

---

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b), 1208.31(e), and 1240.15, and we exercise jurisdiction under 8 U.S.C. § 1252(a). Where, as here, "the BIA adopted and affirmed the IJ's decisions and orders as well as [conducted] an independent analysis, we review both the IJ's and the BIA's decisions and orders," *Ordonez-Tevalan v. Att'y Gen.*, 837 F.3d 331, 340–41 (3d Cir. 2016), and we look to the IJ's opinion "only where the BIA has substantially relied on that opinion," *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009). We review legal conclusions *de novo*, *Doe v. Att'y Gen.*, 956 F.3d 135, 141 (3d Cir. 2020), and we defer to factual findings "if they are supported by reasonable, substantial, and probative evidence in the record considered as a whole," *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018).

Garcia-Suchite argues that he was persecuted based on his sexual orientation and indigenous background, entitling him to "a rebuttable presumption of a 'well-founded fear of future persecution' on the same basis" if removed. *Doe v. Att'y Gen.*, 956 F.3d 135, 150 (3d Cir. 2020). To be eligible for this presumption, an applicant must show "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003). The second element—nexus—requires the applicant to establish that "his membership in the [social] group [or other protected characteristic] is 'one central reason' why he was . . . targeted." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684–85 (3d Cir. 2015). Persecutors may have mixed motives for their actions, so long as a protected characteristic is "an essential or principal reason for the persecution," *id.* at 685, and not simply an "'incidental, tangential, or superficial' reason," *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 130 (3d Cir. 2009).

Garcia-Suchite has not met this burden.[2] Contending that his sexual orientation and indigenous ethnicity, both of which were apparent from his mannerisms and appearance, were well-known throughout his community, he argues that these

---

[2] Though the IJ failed to analyze whether the gang members' motivations were mixed, this error was harmless for "it is highly probable that the error did not affect the outcome of the case." *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011). Garcia-Suchite failed to establish that either his sexual orientation or indigenous ethnicity was, at a minimum, "one central reason" for the harm and threats he experienced at the hands of the gang. *Gonzalez-Posadas*, 781 F.3d at 685. Thus, we see no reason to remand so the BIA may again reach the same conclusion.

characteristics formed the central reason for the gang's targeting of him. In support, Garcia-Suchite points to the lack of protections for gay individuals as making him especially vulnerable to criminal activity. The record, however, contains no evidence demonstrating the gang was aware of Garcia-Suchite's sexual orientation or indigenous background, *see Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 609 (3d Cir. 2011) (requiring evidence that persecutors knew of the protected characteristic), let alone that either characteristic was "an essential or principal reason" for his mistreatment, *Gonzales-Posadas*, 781 F.3d at 685. In fact, he repeatedly testified that no one beyond his family actually knew of his sexual orientation. And when asked why he was threatened, Garcia-Suchite confirmed that it was "because [the gang] wanted [him] to work for them," AR121—the very reason cited by the IJ in its opinion.

Under these circumstances, we are not persuaded that a protected ground constituted "at least one central reason" for his abuse. *Doe*, 956 F.3d at 142. Rather, the BIA's determination that Garcia-Suchite was targeted merely because he was a potential recruit is supported by substantial evidence and Garcia-Suchite, as a result, has not established the requisite nexus.[3]

---

[3] Garcia-Suchite also argues that the Guatemalan government was unwilling or unable to control his persecutors. Specifically, he contends it was error for the IJ to fault him for not seeking additional assistance when it would have been futile given his past experiences. His point is well taken. Our case law makes clear that where circumstantial evidence indicates meaningful recourse to government protection is not available, "the absence of a report to police does not reveal anything about a government's ability or willingness to control private attackers." *Doe*, 956 F.3d at 146. But we need not address this point further in view of Garcia-Suchite's failure to establish the nexus requirement

4

**B. CAT Claim**

As regards his CAT claim, Garcia-Suchite argues it is more likely than not he will be tortured if removed to Guatemala. He bears the burden of proving both prongs of the test we set out in *Myrie v. Attorney General*, asking: first, "(1) what is likely to happen to the petitioner if removed and (2) whether what is likely to happen amounts to torture," and, second, (1) "how public officials will likely act in response to the harm the petitioner fears" and (2) "whether the likely response from public officials qualifies as acquiescence under the governing regulations." 855 F.3d 509, 516 (3d Cir. 2017). We review the BIA's factual determinations for substantial evidence and its legal determinations *de novo*. *Kang v. Att'y Gen.*, 611 F.3d 157, 163–64 (3d Cir. 2010). Remand may be warranted when the IJ failed to make the requisite legal and factual findings and the BIA did not address that error, *see Quinteros v. Att'y Gen.*, 945 F.3d 772, 787–88 (3d Cir. 2019), but it is not necessary "when it 'would be an idle and useless formality.'" *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011).

Such is the case here. Although the IJ in this case offered a general observation that "individuals who are indigenous and gay are discriminated against in Guatemala" without rising to the level of torture, AR51, instead of making an individualized finding as to "what is likely to happen to the petitioner if removed," *Myrie*, 855 F.3d at 516, relief is still not warranted. The sporadic incidents of past abuse recounted by Garcia-

---

for his claim of past persecution, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976), and our primary focus on the BIA's decision, *see Camara*, 580 F.3d at 201.

Suchite did not constitute "cruel and inhuman treatment" rising to the level of torture, 8 C.F.R. § 1208.18(a)(2), and he offered only speculation that such incidents would recur and increase in severity upon his return. In addition, the country reports on which he relied, while reflecting discrimination against LGBTQ persons in Guatemala generally, are "insufficient to demonstrate that it is more likely than not that a particular civilian, in this case [Garcia-Suchite], will be tortured." *Tarrawally v. Ashcroft*, 338 F.3d 180, 188 (3d Cir. 2003).

Upon thorough review of the record, we conclude that any error on the IJ's part in failing to properly apply the *Myrie* test was ultimately harmless.

## II. CONCLUSION

For the foregoing reasons, will deny the petition for review.